BOHL, Appellant, v. SPRATT et al, Respondents.

(211 N. W. 451.)

(File No. 5603.    Opinion filed December 31, 1926.)

**Chattel Mortgages—Crop Mortgagees' Right Held Superior to Landlord's Right Under Mortgagor's Verbal Promise of Cropper's Share in Payment of Debt.**

Rights of crop mortgagees, without knowledge of mortgagor's arrangement for his landlord to have entire crop, or of any fact that would put them on inquiry, **held** superior to landlord's right under mortgagor's verbal promise to give landlord cropper's share in payment of debt.

---

Note.—See, Headnote, American Key-Numbered Digest, Chattel mortgages, Key-No. 138(1), 11 C. J. Sec. 398.

As to whether chattel mortgage superior to landlord's lien, see 5 R. C. L. 448; 1 R. C. L. Supp. 1404.

Appeal from Circuit Court, Spink County; Hon. M. Moriarty, Judge.

Action by E. G. Bohl against A. H. Spratt and another. Judgment for defendants, and plaintiff appeals. Affirmed.

*Sterling, Clark & Grigsby,* of Redfield, for Appellant.

*Don Cheatham,* of Mellette, and *Roy T. Bull,* of Redfield, for Respondents.

POLLEY, J. This action is brought to recover the value of a quantity of rye raised by one Jaekel in 1922 on a quarter section of land owned by plaintiff. Jaekel had been farming the land for plaintiff for several years. Plaintiff had been furnishing the seed and paying half the thresh bill, and each had been getting

one-half of the crop. They never had a written contract of lease. In the fall of 1921 Jaekel was owing plaintiff a considerable sum of money.

Plaintiff testified that during the month of September, 1921, this indebtedness was talked over by them, and that they then entered into an agreement whereby Jaekel was to raise and harvest a crop on the land for the ensuing year, and that half the crop that would have belonged to Jaekel under their previous arrangement should belong to plaintiff, and be applied on the said existing indebtedness. Pursuant to this agreement, plaintiff bought and paid for, and turned over to Jaekel, seed rye, which was put in by Jaekel that fall. A disinterested witness testified that Jaekel told him in the fore part of October, 1921, that he was going to farm said land the following year, and that plaintiff was to have the entire crop. Thereafter, on the 4th day of January, 1922, Jaekel, without the knowledge or consent of plaintiff, executed and delivered to defendants a chattel mortgage on one-half of the said crop of rye to secure a previously existing debt, and when the rye was threshed defendants took and appropriated one-half thereof, and plaintiff brought this action to recover the same or its value.

Assuming the facts to be as claimed by plaintiff, the question to be determined is: Which one of the parties to this action had the superior right to the grain? Unless plaintiff owned the title to all the crop from the time it was planted, then Jaekel had a right to give defendants the chattel mortgage on his interest, and the mortgage lien would be superior to the mere verbal promise of Jaekel to give plaintiff one-half the crop in payment of Jaekel's debt to plaintiff. It is not claimed that defendants had any knowledge of the arrangement between plaintiff and Jaekel, whereby plaintiff was to have the entire crop, or that they were in possession of any fact that would put them on inquiry. Defendants' right under the chattel mortgage was superior to plaintiff's right under his verbal promise from Jaekel, and defendants were entitled to judgment, and the errors complained of by plaintiff are wholly immaterial.

The judgment and order appealed from are affirmed.